**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MULTIUT CORPORATION, an Illinois Corporation, and NACHSHON DRAIMAN, an Individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. _____ |
| v. | ) ) | |
| GREENBERG TRAURIG, LLP, a New York limited liability partnership, | ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

Defendant Greenberg Traurig, LLP, pursuant to 28 U.S.C. §§ 1441 and 1446, submits this Notice of Removal, and states in support thereof as follows:

1.      On or about April 26, 2010, Multiut Corporation and Nachshon Draiman filed a "Complaint for Professional Negligence" in the Circuit Court of Cook County, Law Division, captioned *Multiut Corporation and Nachshon Draiman v. Greenberg Traurig, LLP,* No. 2010 L 004890 (Cook Cty., Ill.) (the "Complaint").  The Complaint alleges that Greenberg Traurig, LLP committed professional negligence in connection with its legal representation of Multiut Corporation and Mr. Draiman in breach of contract and antitrust litigation alleges purported damages in excess of $25 million.  The entity Greenberg Traurig, LLP is the only defendant in the litigation.  A true and correct copy of the Complaint filed in the Circuit Court, which is the only pleading or document filed in the Circuit Court that Greenberg Traurig, LLP has received, is attached to this Notice as Exhibit 1.

2.     This Notice of Removal is premised upon this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  Removal is proper because, as set forth below, Greenberg Traurig, LLP's request for removal is timely, in that Greenberg Traurig, LLP has filed this notice within 30 days of receiving the Complaint, complete diversity exists, and the amount in controversy is in excess of the statutory minimum.

### Timeliness

3.     The Removal statute requires that notices of removal shall be filed "within 30 days after the receipt by defendant, through service of otherwise, of a copy of the initial pleading . . . ." *See* 28 U.S.C. § 1446(b).  Greenberg Traurig, LLP first received a copy of the Complaint via email on April 27, 2010, the day after the Complaint was filed.  No Summons has been issued, and Greenberg Traurig, LLP has not been formally served with the Complaint.  Nevertheless, in an abundance of caution, Greenberg Traurig, LLP has filed its Notice of Removal in the Circuit Court of Cook County and this Court on May 26, 2010, or, at most, 29 days after Greenberg Traurig, LLP first received the Complaint via email.  Thus, Greenberg Traurig, LLP has met the removal statute's timeliness requirement.

### Complete Diversity

4.     Further, to remove based on diversity jurisdiction, diversity must exist between the defendant and each plaintiff, *see* 28 U.S.C. § 1332(a), and "none of the parties in interest properly joined and served as defendants [may be] a citizen of the State in which the action is brought," *see* 28 U.S.C. § 1441(b).

5.     According to the Complaint, Plaintiff Multiut Corporation is an Illinois corporation with its principal place of business in Skokie, Illinois.  (Compl.¶ 2.)  Plaintiff Multiut Corporation therefore is an Illinois citizen.

6.      Also according to the Complaint, Plaintiff Nachshon Draiman is an individual who resides in Illinois (*id.* ¶ 3) and therefore is a citizen of Illinois.

7.      At the time Plaintiffs commenced this action in state court and at the time of removal, Greenberg Traurig, LLP, the only defendant, was a New York limited liability partnership with only two partners, Greenberg Traurig, P.A., a Florida professional association, and Greenberg Traurig of New York, P.C., a New York professional corporation. Greenberg Traurig, P.A. has its principal place of business in Florida and therefore is a citizen of Florida. Greenberg Traurig of New York, P.C. has its principal place of business in New York and therefore is a citizen of New York.  Although Greenberg Traurig, LLP is authorized to transact business in Illinois, neither of its two partners is a citizen of Illinois for diversity purposes.  No lawyer in Greenberg Traurig, LLP's Chicago office is a partner of that entity.

8.      Thus, the complete diversity requirements of the removal statute are satisfied, as Greenberg Traurig, LLP is not a citizen of Illinois, and Plaintiffs are each citizens of Illinois.

**Amount in Controversy**

11.      The Complaint alleges that Plaintiffs were harmed by Greenberg Traurig, LLP's alleged professional negligence in excess of $25 million.  (Compl. at 11, 13.)  Thus, the Complaint pleads an amount in controversy that is greater than $75,000 and meets the diversity jurisdiction statute's requirements.  *See* 28 U.S.C. § 1332(a).

**Notice**

12.      A copy of this Notice of Removal shall be filed concurrently in the Circuit Court of Cook County, Law Division, and written notice and copies of this Notice shall be served on counsel for Plaintiffs in accordance with 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal, to be filed with the Circuit Court Clerk, is attached hereto as Exhibit 2.

WHEREFORE, Defendant Greenberg Traurig, LLP hereby removes this action from the Circuit Court of Cook County, Law Division, Case No. 2010 L 004890, to the United States District Court for the Northern District of Illinois.

Dated:  May 26, 2010

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  s/ Jeffrey D. Colman
One of Its Attorneys

Jeffrey D. Colman
David Jiménez-Ekman
April A. Otterberg
JENNER & BLOCK LLP (#05003)
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

# EXHIBIT 1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MULTIUT CORPORATION, an Illinois Corporation, and NACHSHON DRAIMAN, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | 2010L004890 |
| v. | ) ) | Case No. CALENDAR/ROOM D TIME 00:00 |
| GREENBERG TRAURIG, LLP a New York limited liability partnership, | ) ) | Legal Malpractice Jury Demanded |
| Defendant. | ) ) ) ) | |

## COMPLAINT FOR PROFESSIONAL NEGLIGENCE

Plaintiffs, Multiut Corporation and Nachshon Draiman hereby complain against Defendant Greenberg Traurig, LLP as follows:

### I.
### Introduction

1.     Plaintiffs, Multiut Corporation ("Multiut") and Nachshon Draiman ("Draiman") bring this case to remedy the professional negligence owed them by defendant, Greenberg Traurig, LLP's ("G&T"). G&T represented Multiut and Draiman in litigation over a business dispute. During the course of this representation, G&T negligently failed to provide services under the appropriate standard of care with the result that (i) a judgment was entered against Multiut and Draiman, and (ii) valuable causes of action held by Multiut and Draimin were extinguished. The harm caused by G&T's negligence, including the amount of the judgment entered against Multiut and Draiman, exceeds $20 million.

## II.
## Parties and Venue

2.      Plaintiff Multiut Corporation ("Multiut") is an Illinois corporation with its principal place of business in Skokie, Illinois.

3.      Plaintiff Nachshon Draiman ("Draiman") is an individual who resides in Cook County, Illinois.  At all relevant times Draiman was the CEO and controlling shareholder of Multiut.

4.      Defendant, Greenburg Traurig, LLP (G&T), is a law firm organized as a limited liability partnership under the laws of the State of New York.  G&T is one of the largest law firms in the United States with offices over 25 cities, including offices in Chicago, Illinois.

5.      Venue is proper because some or all of the defendant's conduct complained of in this matter occurred in Cook County, Illinois.

## III.
## Background

### A.      Multiut's Dispute with Dynegy

6.      In or about October 1995, Multiut entered into a Natural Gas Sales Agreement (the "Agreement") with Dynegy Inc. ("Dynegy," which was then known as Natural Gas Clearinghouse ["NGC"]).  Dynegy is a firm that provides wholesale power, capacity and ancillary services to utilities, cooperatives, municipalities and other energy companies in seven states in the Midwest, the Northeast and the West Coast.  The Agreement set forth the terms upon which Multiut acquired natural gas supplies from Dynegy.

7.      On or about October 31, 1995, Multiut and Draiman executed a Guaranty pursuant to which they jointly, severally, and unconditionally guaranteed "the payment to NGC promptly when due, or upon demand thereafter, pursuant to the terms of the Agreement, the full amount of all obligation or indebtedness due to NGC under the Agreement."

2

8.    A dispute arose between Multiut and Dynegy as to the amounts owed under the Agreement. In or about 2002, the parties reached an impasse and were unable to resolve the dispute. On October 16, 2002, Dynegy filed suit against Multiut, Draiman and another entity[1] in the United States District Court for the Northern District of Illinois.

9.    Dynegy's Complaint, as amended, contains seven counts. Count I seeks damages from Multiut for breach of the Agreement, while Count II seeks damages from Multiut and Draiman under the Guaranty. Counts III through VI assert fraudulent transfer claims and Count VII asserts a breach of fiduciary duty claim. Dynegy sought $15 million in damages on Counts I and II.

**B.    Multiut and Draiman Retain G&T to Defend Them in the Dynegy Suit**

10.    Multiut and Draiman retained G&T to represent them in the Dynegy Suit. On January 14, 2003, three G&T attorneys, Paul Thaddeus Fox, Steven C. Coberly, and Ronald F. Labedz, entered their appearance on behalf of Multiut and Draiman.

11.    On April 21, 2005, two additional G&T attorneys, Howard Kevin Jeruchimowitz and Paul Alexis Del Aguila, appeared on behalf of Multiut and Draiman.

12.    G&T attorneys on behalf of Multiut and Draiman filed answers and affirmative defenses to Dynegy's complaint and asserted six counterclaims against Dynegy. The counterclaims generally allege that Dynegy orally modified the Agreement (Counterclaims I, III, IV and VI), that Dynegy had breached a confidentiality agreement with Multiut (Counterclaim II) and that Dynegy illegally manipulated the gas prices it charged Multiut. (Counterclaim V).

---

[1]    That entity, Future Associates, was sued in connection with claims that have not yet been resolved.

**C.    G&T Failed to Make Damage Disclosures for Multiut and Failed to Controvert Dynegy's Damages**

13.    After the case was filed, the parties were given ample time and opportunity for fact discovery and to disclose and depose expert witnesses. Indeed, the district court granted G&T multiple discovery deadlines extensions, with the cutoff for all discovery finally occurring on March 15, 2006, nearly three and one half-years after the case was filed. Even with all this time, G&T failed to submit a report of Multiut's damages, failed to depose Dynegy's damage expert and failed to timely submit a report on behalf of Multiut to controvert Dynegy's damage calculations.

14.    The federal rules impose various obligations on the parties to disclose their damages. During discovery, Multiut had multiple opportunities to do so, but due to G&T's negligence, failed to comply with its obligations to disclose its damages. In its original Rule 26 disclosures filed in the Dynegy Suit, Multiut wrote that:

C. Computation of Damages.

Multiut has sustained damages in the following respects

1) As a result of Dynegy's breach of an agreement to supply gas at a fixed price, Multiut has sustained damages in an amount that Multiut believes exceeds $6 million. Multiut will supplement with a computation of these damages when they are ascertained through the course of continuing discovery

2) As a result of Dynegy's breach of the Confidentiality Agreement between Dynegy and Multiut, Multiut has sustained damages in an amount that Multiut believes exceeds $1 million. Multiut will supplement with a computation of these damages when they are ascertained through the course of continuing discovery.

15.    Despite its promise to do so, due to G&T's negligence, Multiut did not supplement its disclosure. Multiut did not provide the promised "computation" to support the

4

amounts its damages. Nor has Multiut provided any computations in response to Dynegy's damage interrogatories.

16.     Further, and also due to G&T's negligence, Multiut's experts did not provide complete damage computations either. G&T was well aware of the requirement. In an August 18, 2004 Agreed Scheduling Order in the Dynegy Suit, the district court specifically stated that "Defendants shall disclose their expert(s) and provide expert(s) reports in connection with the claims of its Third Amended Counterclaims on or before October 15." After obtaining several extensions of the October 15 deadline, Multiut's expert submitted a report that referred only to damages in the Defendants' counterclaim Count VI.

17.     Thus, due to G&T's negligence, Defendants did not provide a damage computation for the damages asserted in Counts I through V of Defendants' Counterclaims.

18.     Moreover, G&T failed to depose Dynegy's damage expert and failed to timely submit a report on behalf of Multiut to controvert Dynegy's damage calculations.

**D.      The Court Grants Summary Judgment Against Multiut and Draiman**

19.     On September 12, 2006, Dynegy filed its motion for summary judgment in its favor on Count I and II of its complaint and on all of Multiut's counterclaims (the "Motion"). In support of its Motion, Dynegy included, amongst other things, a report of its expert that summarized the amount due under the invoices in dispute. Dynegy, however, did not include in the summary judgment record the actual invoices underlying the expert's summary exhibit. Moreover, the expert report calculated principal and interest, including compounded interest, in a manner inconsistent with the parties' practices and invoices.

20.     G&T filed a response on behalf of Multiut and Draiman to Dynegy's motion for summary judgment on December 29, 2006. Because of G&T's negligence, Multiut's and Draimin's ability to respond to and defeat the Motion was critically impaired. Notably, G&T

5

raised no objection to the Dynegy's expert's damage summary based on the lack of foundation. Further, because G&T had not taken the deposition of Dynegy's damage expert, G&T lacked crucial testimony to challenge Dynegy's expert's opinions under Rule 702 of the Federal Rules of Evidence.

21.     Moreover, G&T's also recognized that its failure to submit a complete damage report doomed Multiut's counterclaims. Recognizing the potential for harm caused by its failure to submit a complete damage report, G&T belated submitted an affidavit by Draiman that purported to establish Multiut's damages.

22.     Finally, when responding to the Motion, G&T negligently failed to address any of the valid defenses to Dynegy's claim that Draiman was personally liable for amounts owed to Dynegy by Multiut under the Guaranty.

23.     As a direct result of G&T's professional negligence, on June 11, 2008, the district court issued its Memorandum Opinion and Order (the "Order") granting Dynegy summary judgment on Counts I and II of its complaint and on all of Multiut's counterclaims and affirmative defenses. In granting Dynegy summary judgment on Counts I and II, the court specifically relied on G&T's failure to controvert Dynegy's expert's report and stated, in pertinent part, as follows:

> Dynegy explains that it hired an expert to calculate the amounts Multiut currently owes under the 1994 agreement. . . . Multiut did not depose Dynegy's expert, nor submit a report of its own expert to challenge the calcuations [sic] of these amounts. In sum, Dynegy's expert concluded that Multiut owes $13,693,943.18 in principal and $1,654,301.54 in interest as of October 1, 2004.

> *     *     *

> Based on the documents submitted by the parties, we find that no dispute exists that Multiut nominated and Dynegy then delivered the natural gas in the amounts and prices set forth on the invoices

and other supporting documents, all as summarized by Dynegy's expert. [Order at p. 4.]

24. Because G&T negligently failed to address any of Draiman's valid defenses to the Guaranty, the district court imposed personal liability on Draiman for the entire amount of the debt owed to Dynegy by Multiut, even though Dynegy could not establish that the alleged unpaid invoices in dispute were within the terms of the Guaranty

25. Thus, in its Order, the district court found in favor of Dynegy and against Multiut and Draiman and awarded Dynegy $15,348,244.72, plus interest accruing from October 1, 2004.

26. The district court also ruled in favor of Dynegy on each of Multiut's counterclaims. In granting summary judgment on the claims alleging oral modifications to the Agreement (Counterclaims I, III, IV and VI), the Court stated as follows:

> Although we address each counterclaim individually below, we note that they generally suffer from two primary problems. First, Multiut relies almost exclusively on its own unilateral "understanding" of vague conversations that took place many years ago, understandings that were never put in writing and that were never explicitly acknowledged by Dynegy. Second, for all but one of these counterclaims, Multiut has provided no evidence -- either documents or an expert witness -- to establish damages. [Order at p. 6.]

27. The district court noted in the Order that summary judgment was warranted on Counterclaim I due to Multuit's failure to present evidence on damages and specifically rejected Draiman's affidavit. The Order states:

> Multiut also has not provided an expert opinion on the damages related to its first counterclaim nor to any of the other counterclaims except the sixth one. Instead, Multiut relies solely on an affidavit of Draiman that was submitted after discovery closed. Dynegy argues that this affidavit should not be considered because Multiut failed to make timely disclosures during discovery. We agree. Multiut has not provided any explanation for its failure to make earlier disclosures, and to allow it to make late disclosures now, after a lengthy discovery process, would

prejudice Dynegy. In sum, Multiut has not met its burden with regard to damages on this counterclaim. [Order at p. 9.]

28. Likewise, the district court's Order relied on Multiut's failure to produce evidence on damages in granting summary judgment on Counterclaim II for breach of the confidentiality agreement. In this regard, the Order states that:

> Dynegy raises a number of arguments in response, arguing that no evidence exists that the employees received confidential information and arguing that the "inevitable disclosure" doctrine only applies if an employee of Multiut was hired by Dynegy. Dynegy also argues that Multiut has no evidence of damages.

> We find that summary judgment is warranted on the latter ground. Although Multiut alleges that it lost "profits and other damages" of more than $5 million from the alleged breach of the confidentiality agreement, Multiut has provided no evidence to quantify damages. Multiut's expert stated in his deposition that he did not do any work to calculate damages relating to this counterclaim. (DF 65.) We have already found that Draiman's affidavit may not be considered. And Draiman admitted that he does not know the number of customers that allegedly left Multiut for Nicor while also admitting that the loss of business was attributable to, among other things, his brother's involvement, service issues, customer relationship issues, and the size of the customer. *See* DF 92-93. [Order at pp. 15-16.]

29. Finally, the district court granted summary judgment to Dynegy on Multiut's Counterclaim V, which alleged a violation of the Robinson Patman Act. In its Order, the district court once again found that Multiut's failure to present damage evidence warranted the entry of summary judgment in favor of Dynegy. The district court, after rejecting two of the three arguments offered by Dynegy in favor of summary judgment stated:

> However, as to the second argument, we agree that Multiut has failed to show evidence of injury. . . . Dynegy points out that Multiut has provided no evidence of injury. In its one-paragraph response, Multiut only makes a conclusory assertion that it lost sales and profits. *See* Resp. at 49. But it has no evidence. First, Multiut specifically told its expert not to do any work on, or provide any opinions with respect to, the Robinson-Patman Act claim. Second, as noted above, although Draiman claims in an

affidavit that his company lost customers to Nicor, he did not know of a single customer who had left Multiut for Nicor, and he also admitted that Multiut lost customers because of unrelated issues (DF 92-94.) [Order at p. 17.]

30.     Multiut and Draiman filed a Motion to Reconsider Summary Judgment Ruling on July 11, 2009. In that motion, G&T argued on behalf of Multiut and Draiman, *inter alia*, that Dynegy's expert's damage report was inadmissible because the underlying invoices were not offered into the record and that the Draiman Affidavit, which the court had refused to consider as untimely, adequately supported the damages sought in Multiut's Counterclaims II and V.

31.     On March 18, 2009, the district court denied Multiut's and Draiman's Motion to Reconsider Summary Judgment Ruling. Although the district court agreed with one argument raised by G&T in the motion, the court found other reasons to uphold its decision. As to the other arguments raised in the motion, the district court stated that they were not appropriate for reconsideration because they were "previously rejected arguments or . . . matters the could have been heard during the pendency of the previous motion." Reconsideration Order at pp. 1-2.

32.     On April 1, 2009, an Amended Judgment in a Civil Case was entered on the docket. Multiut and Draiman appealed the judgment. However, on October 26, 2009, the appeal was dismissed because the district court failed to determine the amount of interest due on the award. Dynegy moved to correct the judgment on February 1, 2010 and the matter remains pending in the district court.

E.      **G&T's Conflicts in Asserting Claims Against Dynegy's Co- Conspirators**

33.     In addition, on or about December 23, 2004, G&T filed a three-count complaint against Dynegy for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, common law fraud and violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act (the "Antitrust

Case"). G&T named only Dynegy as a defendant, and no other defendants, although the complaint alleged that numerous other entities had conspired with Dynegy.

34. G&T failed to name any of the co-conspirators as defendants because it felt it had a conflict of interest. Indeed, G&T was representing at least one of the alleged conspirators, El Paso Merchant Energy, and on information and belief, other codefendants, earning substantial fees from El Paso Merchant Energy, while at the same time representing Multiut and Draiman. At various times, G&T orally advised Draiman that it did not wish to sue El Paso but advised him that it had alternative mechanisms to establish liability against the co-defendants. Contrary to G&T's professional obligations, G&T did not obtain a written waiver of any conflict of interest between the interests of Multiut and any other entity; did not advise Multiut to seek separate counsel; did not take any steps to preserve Mutliut's causes of action against the co-conspirators; and allowed the statute of limitations to expire with respect to those co-conspirators. As a result of the foregoing, G&T has violated the Rules of Professional including but not limited to Rules 1.1, 1.2, 1.3, 1.4, and 1.7.

35. As a result of G&T's failure to bring suit against the entities that G&T alleged had conspired with Dynegy in violation of the Sherman Act, significant claims held by Multiut were allowed to lapse and become extinguished.

36. Over the course of its representation of Multiut and Draiman, G&T billed and collected millions of dollars in fees and costs from them.

## COUNT I:
### Professional Negligence
### (Dynegy Suit)

37. Plaintiffs re-allege and adopts by reference the allegations contained in the foregoing counts 1 though 36.

10

38.     Under Illinois law, the elements of professional negligence include: (a) an attorney-client relationship; (b) a duty arising from that relationship; (c) breach of that duty; (d) proximate cause; and (e) damages.

39.     An attorney-client relationship existed between G&T on the one hand and Multiut and Draiman on the other hand.

40.     Under Illinois law, G&T owed a duty to Multiut and Draiman to competently represent them within an acceptable standard of care.

41.     G&T breached its duty competently represent Multiut and Draiman by (a) failing to depose Dynegy's damage expert or adequately addressing in motion practice or otherwise the infirmities of Dyengy's damage expert's opinions and conclusions; (b) failing to offer appropriate discovery disclosures relating damages on Multiut's counterclaims I, II and VI, including in Multiut's expert report and by submitting the Draiman Affidavit after the close of discovery; and (d) failing to raise timely objection to Dynegy's expert's summary damage report.

42.     G&T's breaches of its duties to Multiut and Draiman proximately caused the district court to enter summary judgment against Multiut and Draiman. As a result, Multiut and Draiman suffered damages in an amount equal to the judgment imposed by the district court and the legal fees paid to G&T.

**WHEREFORE**, Plaintiffs, Multiut Corporation and Nachshon Draiman respectfully request that the Court grant judgment in their favor and against defendant Greenberg Traurig, LLP and award them the following relief:

A.      That this Court award monetary damages in excess of $20 million as a direct result of G&T's professional negligence; and

B.      That this Court award all other reasonable and just relief.

11

## COUNT II:
### Professional Negligence
### (Antitrust Case)

43.     Plaintiffs re-allege and adopts by reference the allegations contained in the foregoing counts 1 though 36.

44.     Under Illinois law, the elements of professional negligence include: (a) an attorney-client relationship; (b) a duty arising from that relationship; (c) breach of that duty; (d) proximate cause; and (e) damages.

45.     An attorney-client relationship existed between G&T on the one hand and Multiut on the other hand.

46.     Under Illinois law, G&T owed a duty to Multiut to competently represent it within an acceptable standard of care and to disclose conflicts that might impair G&T's ability to impartially represent Multiut.

47.     G&T breached its duties to Multiut by failing to address a key conflict of interest with El Paso Merchant Energy and others by failing to assert claims against such co-defendants and thereby allowing claims against such co-defendants in the Antitrust Case to lapse and become extinguished.

48.     G&T's breaches of its duties to Multiut proximately caused the loss of valid claims against potential co-defendants in the Antitrust Case, the value of which claims has yet to be determined but, which, on information and belief exceeds $5 million.

*WHEREFORE*, Plaintiffs, Multiut Corporation and Nachshon Draiman respectfully request that the Court grant judgment in their favor and against defendant Greenberg Traurig, LLP and award them the following relief:

A.    That this Court award monetary damages in excess of $5 million as a direct result of G&T's professional negligence; and

B.    That this Court award all other reasonable and just relief.

Dated: April 26, 2010

Respectfully submitted,

**MULTIUT CORPORATION and
NACHSHON DRAIMAN**

By: _____
One of their Attorneys

Thomas C. Cronin
Steven S. Shonder
John T. Cusack
CRONIN & CO., LTD.
33 North Dearborn Street
Suite 2350
Chicago, Illinois 60602
T: 312.201.7100
F: 312.201.7101
Attorney Number: 37287

13

# EXHIBIT 2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MULTIUT CORPORATION, an Illinois )
Corporation, and NACHSHON DRAIMAN, )
an Individual, )
                     )
              Plaintiffs, )     No. 2010 L 004890
                     )
      v. )
                     )
GREENBERG TRAURIG, LLP, a New York )
limited liability partnership, )
                     )
            Defendant. )

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Clerk of the Circuit Court of Cook County,
       County Department, Law Division

       Thomas C. Cronin
       Steven S. Shonder
       John T. Cusack
       CRONIN & CO., LTD.
       33 North Dearborn Street, Suite 2350
       Chicago, IL 60602

      PLEASE TAKE NOTICE that Defendant Greenberg Traurig, LLP has filed a Notice of

Removal of the above-captioned action, together with all process, pleadings, and orders filed in

this action, in the United States District Court for the Northern District of Illinois. A copy of the

Notice of Removal (without exhibits) is attached hereto and herewith served upon you.

Dated: May 26, 2010

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
　　　　One of its Attorneys

Jeffrey D. Colman
David Jiménez-Ekman
April A. Otterberg
JENNER & BLOCK LLP (#05003)
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

## CERTIFICATE OF SERVICE

The undersigned, an attorney for defendant Greenberg Traurig, LLP, hereby certifies that

on May 26, 2010, she caused to be served the attached **Notice of Filing of Notice of Removal** on

counsel below by submitting same to a courier for hand delivery before the hour of 5:00 p.m.,

addressed as follows:

> TO:  Thomas C. Cronin
> Steven S. Shonder
> John T. Cusack
> CRONIN & CO., LTD.
> 33 North Dearborn Street
> Suite 2350
> Chicago, IL 60602

April A. Otterberg
*Attorney for Defendant Greenberg Traurig, LLP*
JENNER & BLOCK LLP (#05003)
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350