```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

MULTIUT CORPORATION and           )
NACHSHON DRAIMAN,                 )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )    No. 10 C 3238
                                  )
GREENBERG TRAURIG, LLP,           )
                                  )
          Defendant.              )

**<u>MEMORANDUM OPINION</u>**

Before the court is plaintiff's motion for leave to file a first amended complaint. For the following reasons, the motion is denied.

**<u>BACKGROUND</u>**

Plaintiffs, Multiut Corporation ("Multiut") and Nachshon Draiman (the CEO and controlling shareholder of Multiut), bring this action for legal malpractice against Greenberg Traurig, LLP ("Greenberg"), which represented Multiut and Draiman in litigation relating to a business dispute with a third party, Dynegy Marketing & Trade ("Dynegy").

The complaint alleges that Multiut entered into a Natural Gas Sales Agreement (the "Agreement") with Dynegy in October 1995, pursuant to which Multiut would acquire natural gas from Dynegy. Multiut and Draiman also executed a guaranty of payment for

Dynegy's benefit. Years later, a dispute arose between Multiut and Dynegy regarding the amounts owed by Multiut under the Agreement, and the parties reached an impasse.

### *The Dynegy Suit*

In October 2002, Dynegy filed suit (the "Dynegy Suit") against Multiut and Draiman here in the Northern District of Illinois. Dynegy sought damages from Multiut for breach of the Agreement and damages from both defendants on the guaranty. Dynegy also asserted fraudulent transfer and breach of fiduciary duty claims. It sought $15 million on the breach of contract and guaranty claims. The case was assigned to Judge Nordberg.

Multiut and Draiman retained Greenberg to represent them in the Dynegy Suit. They asserted a number of affirmative defenses as well as six counterclaims alleging that Dynegy had orally modified the Agreement, that it had breached a confidentiality agreement with Multiut, and that it had discriminated against Multiut by charging a higher price for gas than it had charged to other companies.

In September 2006, Dynegy filed a motion for summary judgment on Counts I and II of the complaint (its breach of contract and guaranty claims) and on all of Multiut's counterclaims. Greenberg filed a response on behalf of Multiut and Draiman. It is alleged in the instant action that Greenberg committed legal malpractice in

several ways with regard to the response to the summary judgment motion.

In June 2008, Judge Nordberg issued a memorandum opinion and order granting summary judgment in favor of Dynegy on Counts I and II and on all of Multiut's counterclaims and awarding Dynegy $15,348,244.72 plus interest.[1]  Dynegy Mktg. & Trade v. Multiut Corp., No. 02 C 7446, 2008 WL 2410425 (N.D. Ill. June 11, 2008). The bases for Judge Nordberg's decision are discussed in more detail below.

### *The Antitrust Suit*

In December 2004, Greenberg filed a separate antitrust action on behalf of Multiut against Dynegy (the "Antitrust Suit"), alleging violations of the Sherman Act, 15 U.S.C. § 1 et seq., in addition to common-law and statutory fraud.  Dynegy was named as the sole defendant.  The complaint alleged that Dynegy had conspired with a number of other entities to fix natural gas prices.  Greenberg states in its brief that the Antitrust Suit is still pending as part of multidistrict litigation proceedings in the United States District Court for the District of Nevada.

### *The Instant Suit*

Plaintiffs originally filed the instant suit in state court. Greenberg removed the case to this court on diversity grounds in May 2010 and filed a motion to dismiss the complaint shortly

---

[1]  The case is pending on appeal to the Seventh Circuit.

thereafter. Instead of responding to the motion, plaintiffs moved to file a first amended complaint. The parties have briefed that motion, which is now before the court.

The proposed first amended complaint contains two counts of professional negligence. Count I alleges that Greenberg committed legal malpractice in relation to the Dynegy Suit, and Count II alleges malpractice in relation to the Antitrust Suit.

## DISCUSSION

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. The rule provides that a party may amend its pleading once as a matter of course within twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs did not amend their complaint within twenty-one days after service of Greenberg's Rule 12(b)(6) motion, and Greenberg did not consent to amendment; therefore, plaintiffs must obtain leave of court to file the first amended complaint.

Greenberg contends that we should deny plaintiffs' motion because the proposed amendment would be futile. Although we should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend a pleading is appropriately denied when

the amendment would be futile. <u>Brunt v. Service Employees Int'l Union</u>, 284 F.3d 715, 720 (7th Cir. 2002). A proposed amendment is futile if it would not survive a motion to dismiss, <u>id.</u> at 720-21, so we apply the same standard for leave to amend as on a Rule 12(b)(6) motion to dismiss. <u>See, e.g.</u>, <u>Duthie v. Matria Healthcare, Inc.</u>, 254 F.R.D. 90, 94 (N.D. Ill. 2008).

Under the Rule 12(b)(6) standard, we look at the sufficiency of the complaint, not the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 354 (3d ed. 2004). Under federal notice-pleading standards, a complaint need not contain "detailed factual allegations," but it must have more than mere "labels and conclusions." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). A plaintiff is obligated to provide the factual grounds of his entitlement to relief, and a "formulaic recitation" of the elements of a claim will not do. <u>Id.</u> The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, <u>id.</u>, and the claim must be "plausible on its face," <u>id.</u> at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). When evaluating the complaint, we must accept as true all factual

allegations in the complaint, but not its legal conclusions. Id. at 1949-50.

## A. **Count I (Legal Malpractice Regarding the Dynegy Suit)**

The elements of a legal malpractice claim in Illinois are "(1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause; and (4) damages." Orzel v. Szewczyk, 908 N.E.2d 569, 575 (Ill. App. Ct. 2009). Because the "underlying theory in a legal malpractice cause of action is that the plaintiff client would have been compensated for an injury caused by a third party, absent negligence on the part of the client's attorney," in order to establish proximate cause a plaintiff "must essentially prove a case within a case, which means but for the attorney's negligence, the plaintiff would have prevailed in the underlying action." Id. at 575-76 (internal quotation marks omitted).

In his memorandum opinion in the Dynegy Suit granting Dynegy's motion for summary judgment, Dynegy, 2008 WL 2410425, Judge Nordberg first noted that there was no dispute that Dynegy had delivered natural gas to Multiut at the prices originally agreed to by the parties and no dispute over the arithmetic of the unpaid invoices. He also noted that the parties agreed that if Multiut was liable for breach of contract, then both Multiut and Draiman were liable on the guaranty claim. Judge Nordberg then discussed

the two groups of counterclaims. In the first group of counterclaims, Multiut alleged that it had entered into certain binding oral agreements with Dynegy for price breaks. On some of these counterclaims, one of the bases for Judge Nordberg's entry of summary judgment in favor of Dynegy was Multiut's failure to provide any admissible evidence of damages. To establish damages, Multiut relied solely on an affidavit of Draiman, submitted after the close of discovery. Judge Nordberg disregarded it as untimely. He remarked that Multiut had failed to comply with Rule 26's requirement that it provide a computation of damages and had failed to provide an expert report on damages related to all of its counterclaims except Counterclaim VI.

In the second group of counterclaims, Multiut alleged that Dynegy had violated the Robinson-Patman Act by selling gas to Multiut's competitors at lower prices and had breached a confidentiality agreement, therefore causing Multiut to lose customers to two of its competitors. Judge Nordberg entered summary judgment in favor of Dynegy on these counterclaims on the ground that there was no evidence of damage to Multiut. The court also refused to consider Multiut's allegations that Dynegy along with other major energy companies had manipulated natural gas index prices, ruling that the claims were barred by res judicata and that the allegations of manipulation were vague and unrelated to the specific transactions between Multiut and Dynegy.

In Count I of the proposed first amended complaint, plaintiffs allege that Greenberg breached its duty to competently represent them by failing to do three categories of things: (1) depose Dynegy's damages expert and object to the expert's report or address the "infirmities" of the expert's conclusions; (2) make appropriate discovery disclosures and develop appropriate evidence of Multiut's damages on Counterclaims II and V; and (3) "pursue" "meritorious defenses" that Draiman had to Dynegy's guaranty claim. (Proposed First Am. Compl. ¶¶ 56, 59.)

Greenberg argues that plaintiffs' proposed Count I does not state a claim because it does not adequately allege proximate cause. We agree. Under the Twombly/Iqbal standard, plaintiffs must plead facts that allow us to draw the reasonable inference that the defendant is liable for the misconduct alleged. See Iqbal, 129 S. Ct. at 1949. Proposed Count I does not allege that plaintiffs would have prevailed but for Greenberg's alleged failure to properly address Dynegy's expert's opinion or the alleged failure to pursue unspecified meritorious defenses. (With regard to the defenses, plaintiffs merely allege that summary judgment would not have been entered in favor of Dynergy against Draiman, but fail to allege that Draiman would have ultimately *prevailed* on the guaranty claim.)

Plaintiffs do allege that they would have prevailed on Counterclaims II and V but for Greenberg's failure to disclose,

develop, and present damage evidence, but we are unable to draw the reasonable inference that Greenberg is liable for malpractice because plaintiffs fail to allege that there actually *was* evidence of damages that Greenberg could have developed and presented. We agree with Greenberg that plaintiffs must identify at least in general terms the evidence that Greenberg allegedly failed to develop. Plaintiffs respond that they "expressly allege" that Multiut lost customers and that Greenberg had prepared a memorandum describing the damages for discriminatory pricing, Pls.' Reply at 2, but the proposed complaint contains only a bare assertion of lost customers; it fails to allege that there was indeed *evidence* of lost customers that Greenberg should have developed.[2] And according to the proposed complaint, the memorandum prepared by Greenberg did not discuss a factual basis for Multiut's damages specifically, but merely outlined the general law on the "most accepted evidence" of antitrust damages. (Proposed First Am. Compl. ¶ 22.)

Because Count I fails to state a claim for legal malpractice, it will be dismissed.

---

[2] Judge Nordberg noted in his opinion that while Draiman, Multiut's CEO and controlling shareholder, claimed in an affidavit that Multiut had lost customers to a competitor (Nicor), Draiman had admitted that he did not know of a single customer who had left Multiut for Nicor and that Multiut had lost customers due to unrelated issues. Dynegy, 2008 WL 2410425, at *9.

## B. <u>**Count II (Legal Malpractice Regarding the Antitrust Suit)**</u>

In Count II of the proposed complaint, Multiut claims that Greenberg breached its professional duties by "negligently delaying" filing of the claims in the Antitrust Suit and bringing them in a separate suit rather than as counterclaims in the Dynegy Suit and by failing to assert claims against Dynegy's alleged co-conspirators in the Antitrust Suit. (Proposed First Am. Compl. ¶ 64.) Multiut alleges that but for Greenberg's negligent conduct, it "would have had additional leverage in the underlying suit," "would have preserved a valuable set off against Dynegy," and would have been spared from having to file for bankruptcy protection. In addition, Multiut alleges that "but for [Greenberg's] failure to name Dynegy's co-conspirators as defendants in the antitrust case, Multiut would have been able to participate in the various settlements reached to date." (Proposed First Am. Compl. ¶ 65.)

Greenberg contends that we should deny as futile leave to file proposed Count II because Multiut does not plead that it would have prevailed on any of the claims at issue. We agree. The above-quoted allegations are carefully worded and do not amount to allegations that but for the alleged negligence Multiut would have *prevailed* on the antitrust claims against Dynegy and against the co-conspirators. Moreover, Count II does not adequately allege that Multiut suffered damages as a result of the alleged professional negligence.

Therefore, leave to file Count II of the proposed first amended complaint will be denied. Because it is possible that plaintiffs could cure their pleading defects (provided that they have a sufficient factual basis), we will grant them leave to file a new first amended complaint.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion for leave to file a first amended complaint [21] is denied. Plaintiffs are given leave to file a new first amended complaint that adequately alleges legal malpractice, if they can do so, by December 27, 2010. This will be the final opportunity to amend. Defendant may plead to the complaint by January 21, 2011.

DATE:   December 2, 2010

ENTER:  _____
        John F. Grady, United States District Judge